# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHAD STEVENER,**

       **Plaintiff,**

**v.**                          **Case No:  6:18-cv-327-Orl-37DCI**

**GREAT SOUTHERN WATER TREATMENT, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION AND STIPULATION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. 20)** |
| **FILED:** | **October 17, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I. Background

Plaintiff filed this action asserting the following claims against Defendant: Count I – failure to pay minimum wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206; Count II – failure to pay minimum wages in violation Article X, Section 24 of the Florida Constitution; Count III – failure to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207; and Count IV – retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).  Doc. 1.

The parties settled this case prior to Plaintiff filing his answers to the Court's FLSA interrogatories. Doc. 18.

The parties subsequently filed a joint motion to approve their settlement, to which they attached their settlement agreement. Docs. 20 (the Motion); 20-1 (the Agreement). Under the Agreement, Plaintiff will receive $600.00 in unpaid wages, $600.00 in liquidated damages, and $1,471.81 in attorney fees and costs in exchange for releasing any and all minimum and overtime wage claims under the FLSA and Florida law that he may have against Defendant. Doc. 20-1 at 1-2. The parties argue that the Agreement represents a fair and reasonable resolution of Plaintiff's FLSA claims and request that the Court grant the Motion and dismiss the case with prejudice. Doc. 20 at 6.

**II. Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- 3 -

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.   Analysis**

    **A.   The Settlement.**

Plaintiff claims that Defendant failed to pay him minimum and overtime wages in violation of the FLSA and Florida law. Doc. 1. Defendant claims that it does not owe Plaintiff any unpaid

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

wages.  Docs. 9; 20 at 4-5.  Thus, this case involves a disputed issue of liability under the FLSA, creating a bona fide dispute over the FLSA's provisions.

The parties have been represented by counsel throughout this case, have reviewed the available time and pay records, and have engaged in settlement discussions.  Doc. 20 at 2, 4.  Plaintiff agreed to compromise his claim after considering the "probability of success on the merits, the short length of [his] employment[,] and the uncertainty that he would be awarded any amount or what such amount would be."  Doc. 20 at 5.  For these reasons, Plaintiff agreed to receive a total of $600.00 in unpaid wages and an equal amount in liquidated damages in exchange for releasing any and all minimum and overtime wage claims under the FLSA and Florida law that he may have against Defendant.  Doc. 20-1 at 1-2.  The undersigned finds that this is a fair and reasonable compromise based on the reasons Plaintiff articulated for compromising his claims under the FLSA.  Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claims.

### B. The Other Terms of the Agreement

Plaintiff has agreed to release any and all minimum and overtime wage claims under the FLSA and Florida law that he may have against Defendant, nothing more.  Doc. 20-1 at 1-2.  The limited scope of the release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the claims at issue in this case.  *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012).  Further, the Agreement does not contain any other provisions that are often found to undermine the fairness and reasonableness of an FLSA settlement, i.e., confidentiality and non-disparagement provisions.

*See* Doc. 20-1.  Thus, the undersigned **RECOMMENDS** that the Court find that none of the other terms of the Agreement affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $1,471.81 in attorney fees and costs for representing Plaintiff in this case.  Doc. 20-1 at 2.  The parties state that the attorney fees and costs were "agreed upon by the Parties separately and without regard to the amount paid to Plaintiff."  Doc. 20 at 6.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

## IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 20) be **GRANTED**;
2. The Court find the Agreement (Doc. 20-1) to be a fair and reasonable settlement of Plaintiff's claims under the FLSA;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R.

3-1.  **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

      Recommended in Orlando, Florida on December 3, 2018.

                                              DANIEL C. IRICK
                                              UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy